IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| MICHAEL AND MEGAN ANTONACCI, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No.:  3:21 CV 2443 |
| CLEAR BLUE INSURANCE , COMPANY and SWYFFT INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT CLEAR BLUE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, Clear Blue Insurance Company ("Clear Blue"), and in response to Plaintiff's Complaint states as follows:

1. Upon information and belief, admitted.

2. Admitted that Clear Blue was engaged in the business of issuing policies covering property in Escambia County, Florida.

3. Admitted.

4. Defendant Clear Blue does not have sufficient information to admit or deny whether Plaintiff is in possession of the policy of insurance at issue in the present

case. Defendant admits it has a copy of said policy and the policy was in effect at the time of this loss.

5. Admitted.

6. Admitted.

## COUNT I – BREACH OF CONTRACT

7. Defendant reasserts and realleges its response to paragraphs 1-6 above as if fully set forth herein.

8. Admitted.

9. Admitted that the physical damage that was caused by Hurricane Sally was covered under the policy Defendant denies that the amount of damages claimed by the Plaintiffs is covered under the policy and demands strict proof thereof.

10. Admitted that notice was provided.

11. Defendant denies the material allegations of paragraph 11 of the Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the material allegations of paragraph 12 of the Plaintiff's Complaint and demands strict proof thereof.

13. Admitted.

14. Admitted that the claim was acknowledged and assigned a claim number. Defendant denies the remainder of the material allegations of paragraph 14 and demands strict proof thereof.

15. Admitted that Defendant Clear Blue entered into a written contract, the policy, wherein Plaintiffs agreed to pay a premium and Clear Blue agreed to insure the subject property in accordance with the terms of the policy, including all applicable exclusions and laws.

16. Admitted that Defendant Clear Blue had a duty under the insurance contract to comply with the terms of the policy, including payment for covered claims. Defendant denies the remainder of the material allegations of paragraph 16 and demands strict proof thereof.

17. Defendant denies the material allegations of paragraph 17 of the Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the material allegations of paragraph 18 of the Plaintiff's Complaint and demands strict proof thereof.

19. Defendant denies the material allegations of paragraph 19 of the Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the material allegations of paragraph 20 of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT II – DECLARATORY RELIEF

20(sic). Defendant reasserts and realleges its response to paragraphs 1-20 above as if fully set forth herein.

21. Admitted.

22. Admitted Plaintiffs and Defendant Clear Blue had a contract that insured the property during the applicable time period.

23. Paragraph 23 includes a statement of law and not fact; therefore, no response is required from this Defendant.

24. Paragraph 24 includes a statement of law and not fact; therefore, no response is required from this Defendant.

25. Admitted that the Plaintiffs are requesting the Court to take jurisdiction over the action.

26. Admitted the Plaintiffs provided notice of the damage.

27. Admitted.

28. Defendant denies the material allegations of paragraph 28 and demands strict proof thereof.

29. Defendant denies the material allegations of paragraph 29 and demands strict proof thereof.

30. Defendant denies the material allegations of paragraph 30 and demands strict proof thereof.

31. Defendant denies the material allegations of paragraph 31 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Pursuant to the applicable insurance policy, for any alleged covered loss, Defendant is entitled to set off for any and all applicable deductibles.

### Second Affirmative Defense

Defendant is entitled to set off from any judgment the amounts it previously paid.

### Third Affirmative Defense

Defendant is not responsible for any damages each Plaintiff and/or any insured could have avoided through the use of reasonable means to protect the property from further damage.

### Fourth Affirmative Defense

The allegations in the Complaint fail to state a cause of action for the relief requested.

### Fifth Affirmative Defense

Defendant cannot be liable for the claimed damages because Defendant complied with the statutory requirements for investigating the claim.

### Sixth Affirmative Defense

Prior to filing the lawsuit, the insured failed to comply with the policy's post-loss conditions; therefore, Defendant's ability to investigate the claim was prejudiced.

### Seventh Affirmative Defense

Intending to reach a settlement, Defendant issued payment to the appropriate claimant while the amount of the loss was disputed, and the claimant accepted payment without reservation; therefore, there was accord and satisfaction.

### Eighth Affirmative Defense

Defendant has complied with the Loss Settlement provision in the subject insurance policy; therefore, it has not breached the contract.

### Nineth Affirmative Defense

The claimed damages include damages occurring prior to the inception date of the coverage for the peril claimed. Pursuant to the policy provisions concerning the policy period and pre-existing damage, Defendant is not liable for any damages occurring prior to the inception date of coverage for the peril claimed.

### Tenth Affirmative Defense

Wear and tear, marring, and/or deterioration and the related excluded losses caused portions of the claimed damages; therefore, there is no coverage for portions of the claimed damages.

### Eleventh Affirmative Defense

The claimed damages resulted from the excluded perils related to faulty maintenance, construction, installation materials and/or repair. Therefore, there is no coverage for the damages.

### Twelfth Affirmative Defense

Portions of the claimed damages resulted from each insured's neglect to take ordinary care to prevent damage from occurring. The policy excludes coverage for damages caused by neglect. Accordingly, there is no coverage for portions of the damages caused by each insured's neglect.

### Thirteenth Affirmative Defense

This Defendant claims all benefits that are available pursuant to the case of *Fabre v. Martin,* 623 So.2d 1182 (Florida 1993) with regard to any negligence found by the jury regarding any unidentified non-parties.  Namely, any and all contractors that negligently performed any work on the residence after the loss, or who exceeded the scope of any work that should have been performed on the residence after the loss.

### Fourteenth Affirmative Defense

Defendant was prejudiced by fraudulent statements made by the Plaintiffs during the claim process; therefore, the Plaintiffs should be barred from recovery in the present matter.

### Fifteenth Affirmative Defense

Defendant reserves the right to amend this Answer and add, delete, or modify its affirmative defenses based upon any information learned through discovery.

Respectfully submitted,

*/s/ Faith A. Nixon*_____
FAITH A. NIXON   (PAT071)
Attorney for Defendants Clear Blue Insurance Company

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone:   (251) 626-9340
Facsimile:   (251) 626-8928
E-mail:   fnixon@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the E-Portal system which will send notification of such filing to the participants:

Scott M. Rosso, Esq.
David R. Shaeheen, Esq.
GED LAWSYERS, LLP
7171 North Federal Highway
Boca Raton, FL  33487
(561) 995-1966
pdlitlaw@gedlwayers.com
griccio@gedlawyers.com
*Attorneys for Plaintiffs*

*/s/ Faith A. Nixon*_____
OF COUNSEL